IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| CONRADO RAMIREZ JR., <br> *Plaintiff*, | § <br> § <br> § | |
| v. | § | CIVIL ACTION NO. 7:22-cv-315 |
| PENNYMAC LOAN SERVICES, LLC, <br> *Defendant.* | § <br> § <br> § <br> § | |

## DEFENDANT'S NOTICE OF REMOVAL

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant PennyMac Loan Services, LLC ("Pennymac") hereby removes this action from the 464th Judicial District Court of Hidalgo County, Texas, to the United States District Court for the Southern District of Texas, McAllen Division, and as grounds for removal states as follows:

### I.  STATE COURT ACTION

1. On April 28, 2022, Plaintiff Conrado Ramirez Jr. ("Plaintiff") filed his Original Petition and Application for Temporary Restraining Order (the "Complaint") in the 464th Judicial District Court of Hidalgo County, Texas, styled *Conrado Ramirez Jr. v. PennyMac Loan Services, LLC*, Cause No. C-1554-22-L (the "State Court Action").

2. Plaintiff filed this lawsuit to enjoin foreclosure of real property located at 5319 Montana Dr., Mercedes, Texas 78570 (the "Property") that was scheduled for May 3, 2022. *See* Pet., ¶¶ 10–14, 20–29. Plaintiff alleges that Pennymac misrepresented that it would not foreclose on the Property. *See* Pet., ¶ 16. Based on this allegation, Plaintiff asserts a claim for fraud. *See* Pet., ¶¶ 15–20. Plaintiff seeks an injunction enjoining foreclosure and eviction, actual damages, and attorney's fees. *See* Pet., ¶¶ 20–29 & prayer. Plaintiff obtained an *ex parte* temporary restraining order enjoining foreclosure on May 3, 2022. *See* **Ex. D-2**.

3. With this Notice of Removal, Pennymac removes the State Court Action to this Court on the basis of diversity jurisdiction, as more fully described below.

## II. PROCEDURAL REQUIREMENTS

4. This action is properly removed to this Court because the State Court Action is pending within this district and division. 28 U.S.C. §§ 124(b)(7), 1441, 1446(a).

5. This removal is timely because it is being filed within thirty days of Pennymac being served or otherwise making an appearance in the State Court Action. 28 U.S.C. § 1446(b).

6. Pursuant to 28 U.S.C. § 1446(a) and Southern District of Texas Local Rule CV-81, this Notice of Removal is accompanied by copies of the following materials:

| | |
|---|---|
| **Exhibit A** | Index of Matters Being Filed |
| **Exhibit B** | Civil Cover Sheet |
| **Exhibit C** | List of all Counsel of Record |
| **Exhibit D** | Docket Sheet |
| **Exhibit D-1** | Plaintiff's Original Petition and Application for Temporary Restraining Order |
| **Exhibit D-2** | Temporary Restraining Order |
| **Exhibit D-3** | Notice of TRO |
| **Exhibit D-4** | Service Issued |
| **Exhibit D-5** | Bond Receipt |
| **Exhibit E** | Hidalgo County Appraisal District property information |

7. Pursuant to 28 U.S.C. § 1446(d), Pennymac is simultaneously with the filing of this Notice of Removal (1) serving Plaintiff with a copy of the Notice of Removal, and (2) filing a copy of the Notice of Removal in the 464th Judicial District Court of Hidalgo County, Texas.

### III.     DIVERSITY OF CITIZENSHIP

8. The Court has diversity jurisdiction in this matter. Where there is complete diversity among parties and the amount in controversy exceeds $75,000, an action may be removed to federal court. 28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case because Plaintiff is not a citizen of the same state as Pennymac. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). As shown below, the amount in controversy requirement is also satisfied.

### A.     Diversity of Citizenship

9. On information and belief, Plaintiff is a citizen of Texas for purposes of diversity jurisdiction. *See* Pet., ¶ 3.

10. Defendant PennyMac Loan Services, LLC is a Delaware limited liability company. Thus, its citizenship for diversity purposes is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1079-80 (5th Cir. 2008). Pennymac is wholly owned by its sole member Private National Mortgage Acceptance Company, LLC ("PNMAC"). PNMAC is a Delaware limited liability company owned by its two members (1) PennyMac Financial Services, Inc., a publicly held Delaware corporation with a principal place of business located in Westlake Village, California, and (2) PNMAC Holdings, Inc., a Delaware Corporation with its principal place of business located in Westlake Village, California. Thus, Pennymac is a citizen of Delaware and California.

11. Because Plaintiff is a citizen of Texas and Pennymac is a citizen of Delaware and California, there is complete diversity among the parties. *See* 28 U.S.C. § 1332(c)(1).

### B.     Amount in Controversy

12. The amount-in-controversy element is also satisfied. Where a defendant can show, by a preponderance of the evidence, that the amount in controversy is greater than the jurisdictional amount, removal is proper. *See White v. FCI U.S.A., Inc*., 319 F.3d 672, 675 (5th Cir. 2003); *see*

*also St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998) ("The test is whether it is more likely than not that the amount of the claim will exceed [the jurisdictional minimum]."). The defendant can meet its burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000 or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000. *E.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Greenberg*, 134 F.3d at 1253. "The amount in controversy is determined from the perspective of the plaintiff, and the proper measure is the benefit to the plaintiff, not the cost to the defendant." *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009). To determine the amount in controversy, a court may consider actual damages, exemplary damages, and attorney fees. *White*, 319 F.3d at 675–76.

13. In this case, Plaintiff seeks injunctive relief preventing Pennymac from exercising its rights related to the Property (including the rights to foreclose and evict). *See Pet.*, ¶¶ 20–29, prayer. The amount in controversy in an action for injunctive or declaratory relief can also be characterized as "the value of the right to be protected or the extent of the injury to be prevented." *See Greenberg*, 134 F.3d at 1252-53. When the right to property is at issue, courts look to the value of the property to determine whether the minimum amount in controversy has been met for jurisdictional purposes. *Nationstar Mortgage LLC v. Knox*, 351 F. App'x 844, 848 (5th Cir. 2009); *see Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *3 (S.D. Tex. Aug. 27, 2009) ("[a]bsent judicial relief, Plaintiff could be divested of all right, title, and interest to the Property . . . , the value of the declaratory and injunctive relief to Plaintiff is . . . the current appraised fair market value of the Property"). Further, the Fifth Circuit has held that where a plaintiff seeks injunctive and declaratory relief relating to the ability to enforce a deed of trust through foreclosure, the "value of that property represents the amount in controversy" for purposes

of diversity jurisdiction. *See Farkas v. GMAC Mortgage, L.L.C.*, 737 F.3d 338, 342-43 (5th Cir. 2013).

14. Because Plaintiff is seeking injunctive relief and the right to property is at issue, the amount in controversy is determined by the value of the Property. *See Knox*, 351 F. App'x at 848; *Turner v. JP Morgan Chase Bank, N.A.*, No. 3:12-CV-2701-M (BF), 2013 WL 2896883, at *3 (N.D. Tex. June 13, 2013) (using current market value of property from the Dallas Central Appraisal District in finding amount in controversy satisfied where plaintiff sought to prevent foreclosure) (citing *Copeland*, 485 F. App'x at 9 ("[T]he amount in controversy exceeds $75,000 due to the value of the subject property . . . .")). According to the Hidalgo County Appraisal District, the current value of the Property is $83,821. A true and correct copy of the Hidalgo County Appraisal District property information is attached hereto as **Exhibit E**.[1] Thus, both the monetary damages sought by Plaintiff in conjunction with the value of the Property independently satisfy the amount in controversy requirement.

15. Because there is complete diversity between the parties and the amount in controversy requirement is satisfied, this Court also has jurisdiction pursuant to 28 U.S.C. § 1332 and removal is proper.

## IV.  PRAYER

WHEREFORE, Defendant PennyMac Loan Services, LLC removes this action from the 464th Judicial District Court of Hidalgo County, Texas, to the United States District Court for the Southern District of Texas, McAllen Division, so that this Court may assume jurisdiction over the cause as provided by law.

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, Pennymac respectfully requests that the Court take judicial notice of the Hidalgo County Appraisal District tax record for the Property. Pennymac does not contend that this particular appraisal constitutes the most accurate valuation of the Property. Such appraisal is provided only for the purpose of establishing a base line value to prove that the amount in controversy requirement is satisfied.

Case 7:22-cv-00315     Document 1     Filed on 09/06/22 in TXSD     Page 6 of 8

Respectfully submitted,

*/s/ Daniel Durell*

**B. David L. Foster**
State Bar No. 24031555
S.D. Tex. Bar No. 35961
**Daniel Durell**
State Bar No. 24078450
S.D. Tex. Bar No. 2745564
LOCKE LORD LLP
600 Congress Ave., Suite 2200
Austin, Texas 78701
(512) 305-4700
(512) 305-4800 (Facsimile)
dfoster@lockelord.com
daniel.durell@lockelord.com

**Thomas G. Yoxall**
State Bar No. 00785304
S.D. Tex. Bar No. 16664
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
(214) 740-8000
(214) 740-8800 (Facsimile)
tyoxall@lockelord.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was served as indicated on this 6th day of September, 2022, to the following:

| | |
|---|---|
| **VIA EMAIL AND U.S. MAIL** | **VIA EMAIL AND U.S. MAIL** |
| Itzel Martinez-Santos | Ramon S. Rodriguez Jr. |
| The Law Offices of Martinez & Martinez, PLLC | Rodriguez & Garza, PLLC |
| 319 S. St. Mary's Street, Suite 980 | 247 W. Olmos Drive, Suite 200 |
| San Antonio, Texas 78205 | San Antonio, Texas 78212 |
| itzel@martinezlawtx.com | rsrjr01@hotmail.com |
| *Counsel for Plaintiff* | *Counsel for Plaintiff* |

Daniel Durell

126524019v.1 0103020/00471